United States District Court

For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    VICTOR J. BRAVO,

10              Plaintiff,                    No. C 12-06460 JSW

11        v.

12   COUNTY OF SAN DIEGO, et al.,             **ORDER REGARDING MOTION
                                              TO DISMISS AND TO SHOW**
13              Defendant.                    **CAUSE**
                                        /

14

15        Now before the Court is the motion to dismiss filed by the County of San Diego (the

16   "County"). The County moves to dismiss the first amended complaint ("FAC") for lack of

17   personal service based on the failure of plaintiff Victor J. Bravo ("Bravo") to properly serve the

18   County. The County also urges the Court to dismiss the complaint *sua sponte* as frivolous.

19                          **BACKGROUND**

20        As recently stated by another case in this district, Bravo "is a frequent filer in the federal

21   and state court systems. The California courts have deemed him to be a vexatious litigant. *See*

22   *Bravo v. Ismaj*, 99 Cal. App. 4th 211 (2002). Further, Plaintiff has been subjected to a prefiling

23   order in the Ninth Circuit Court of Appeals since early 2009. *See In re Bravo*, No. 08-80086,

24   Dkt. No. 16. Finally, the United States Supreme Court has noted that Plaintiff has "repeatedly

25   abused this Court's process" and, as a result, Plaintiff is barred from filing any future petitions

26   with that Court unless he pays the docketing fee and submits a petition which complies with

27   Rule 33.1. *In re Bravo*, 130 S.Ct. 293 (2009)." *Bravo v. CDCR Director, et al.*, N.D. Civ. Case

28   No. 12-6459 (Docket No. 62).

1   In this instant action, Bravo filed his forty-nine page FAC against many defendants.  It is

2   difficult to determine the precise facts and legal theories of Bravo's complaint.  From what the

3   Court can decipher, the essence of his FAC appears to be his allegation that the defendants

4   conspired to violate his civil rights and falsely imprisoned him.

**ANALYSIS**

6   Federal courts cannot exercise personal jurisdiction over a defendant without proper

7   service of process pursuant to Federal Rule of Civil Procedure 4.  *Omni Capital Int'l, Ltd. V.*

8   *Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Hickory Travel Service, Inc. v. TUI AG*, 213

9   F.R.D. 547, 551 (N.D. Cal. 2003).  The plaintiff has the burden of establishing validity of

10  service of process if service is contested.  *Grand Entm't Group Ltd. v. Star Media Sales, Inc.*,

11  988 F.2d 476, 488 (3d Cir. 1993).

12  Thus, the Court must determine whether Bravo has demonstrated that he properly served

13  the County.  Bravo does not contend that he properly served the County.  Instead, he requests an

14  extension of time to effectuate service.

15  When service of process is insufficient, the district court has the discretion to dismiss

16  the action or to quash the service and require plaintiff to re-serve defendant.  *S.J. v. Issaquah*

17  *School Dist. No. 411*, 470 F.3d 1288, 1294 (9th Cir. 2006); *see also Montalbano v. Easco Hand*

18  *Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985).  Service will ordinarily be quashed and the action

19  preserved where "there is a reasonable prospect that plaintiff ultimately will be able to serve

20  defendant properly . . . ."  5 C. Wright & Miller, *Federal Practice and Procedure* § 1354, at 585

21  (1969); *see also Hickory Travel Service*, 213 F.R.D. at 555.

22  However, in this action, if the Court quashed service without granting an extension for

23  time to serve, it would effectively dismiss the action.  Federal Rule of Civil Procedure 4

24  provides that service must be effected within 120 days.  More that one year has elapsed since

25  the complaint in this action was filed.  However, "Rule 4(m) explicitly permits a district court to

26  grant an extension of time to serve the complaint *after* that 120-day period."  *Mann v. Am.*

27  *Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis in original).  A district court has full

28  discretion to extend the time for service of process upon a showing of good cause.  Fed. R. Civ.

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    P. 4(m); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "At minimum, 'good cause' means

2    excusable neglect. A plaintiff may also be required to show the following: (a) the party to be

3    served personally received actual notice of the lawsuit; (b) the defendant would suffer no

4    prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

5    *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

6        Although the Court finds that Bravo has not demonstrated good cause, because Bravo is

7    *pro se*, the Court will grant him an extension of time. However, before the Court provides

8    Bravo additional time to serve the County, he must demonstrate that this action should not be

9    dismissed.

10       The County urges the Court to dismiss this action *sua sponte* on the grounds that the

11   FAC is frivolous. A court may *sua sponte* dismiss an action for failure to state a claim, but only

12   after providing the plaintiff with an opportunity to submit a written memorandum in opposition.

13   *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). Upon reviewing the FAC, the Court is

14   inclined to dismiss the complaint on the following grounds.

15       Plaintiffs' complaint fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8"),

16   which requires plaintiffs to "plead a short and plain statement of the elements of his or her

17   claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires

18   each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the

19   allegations in a complaint are "argumentative, prolix, replete with redundancy and largely

20   irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry*

21   *v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins.*

22   *Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "

23   'verbose, confusing and almost entirely conclusory'"). "Something labeled a complaint but . . .

24   prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs

25   are suing for what wrongs, fails to perform the essential functions of a complaint," and

26   "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

27       A complaint that fails to comply with Rule 8 may be dismissed pursuant to Federal Rule

28   of Civil Procedure 41(b). "The propriety of dismissal for failure to comply with Rule 8 does

1  not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179.

2  Even if the factual elements of the cause of action are present, but are scattered throughout the

3  complaint and are not organized into a "short and plain statement of the claim," dismissal for

4  failure to satisfy Rule 8 is proper. *Id*. at 1178.

5      Despite the length of Bravo's FAC, he fails to provide a simple, short statement of the

6  facts he alleges occurred.  Instead, he continually makes broad conclusions that are not

7  supported by factual allegations.  Moreover, he often groups all of the defendants together and

8  fails to allege which defendants engaged in what activity and when.  Thus, Bravo fails to

9  provide the defendants fair notice of the claims against them.  *See In re Sagent Tech., Inc.*, 278

10  F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because

11  plaintiffs do not indicate which individual defendant or defendants were responsible for which

12  alleged wrongful act."); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal.

13  1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice

14  requirement of Rule 8(a)); *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *4 (N.D.

15  Cal. May 5, 2011) ( "Undifferentiated pleading against multiple defendants is improper.")

16  (quotation marks and citation omitted).

17      Moreover, to the extent Bravo is seeking to bring a conspiracy claim under 42 U.S.C. §

18  1983, he must, but fails to, set forth non-conclusory facts establishing the existence of a

19  conspiracy to deprive him of a right guaranteed in the Constitution or under the laws of the

20  United States.  *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see*

21  *also Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusionary allegations,

22  unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights

23  Act" ....).

24      Finally, the Court notes that to the extent Bravo names judges as defendants, his claims

25  against them appear to be barred by the doctrine of judicial immunity.  "[J]udicial immunity is

26  an immunity from suit, not just from ultimate assessment of damages."  *Mireless v. Waco*, 502

27  U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  "Judicial

28  immunity applies 'however erroneous the act may have been, and however injurious in its

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

consequences it may have proved to the plaintiff.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).  A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature."  *Id*. (internal citation omitted).  Thus, "absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform."  *Forrester v. White,* 484 U.S. 219, 227 (1988).

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity.  *See Stump*, 435 U.S. at 362.  To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."  *Id.* (citation omitted); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).  Here, to the extent the Court can decipher Bravo's FAC, his allegations appear to concern actions taken in connection with judicial proceedings.  Accordingly, it appears as though the actions taken were judicial in nature.

The Court HEREBY ORDERS Bravo to Show Cause ("OSC") in writing why this case should not be dismissed for the reasons discussed above.  Bravo shall respond to this OSC by no later than March 3, 2014.

**IT IS SO ORDERED.**

Dated:  February 10, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VICTOR J BRAVO,

        Plaintiff,

  v.

COUNTY OF SAN DIEGO et al,

        Defendant.
                               /

Case Number: CV12-06460 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Victor J. Bravo
P.O. Box 12617
San Francisco, CA 94112

Dated: February 10, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk