IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR J. BRAVO,

    Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

    Defendants.

No. C 12-06460 JSW

**ORDER OF DISMISSAL**

On February 10, 2014, the Court issued an order to show cause ("OSC" to Plaintiff Victor J. Bravo ("Bravo") why this action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8"), which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The Court explained that, despite the length of Bravo's first amended complaint ("FAC"), he failed to provide a simple, short statement of the facts he alleged occurred. Instead, he continually made broad conclusions that were not supported by factual allegations. Moreover, he often grouped all of the defendants together and failed to allege which defendants engaged in what activity and when.

Moreover, to the extent Bravo sought to bring a conspiracy claim under 42 U.S.C. § 1983, the Court informed him that he must, but failed to, set forth non-conclusory facts establishing the existence of a conspiracy to deprive him of a right guaranteed in the Constitution or under the laws of the United States. *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see also Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th

1 Cir.1977) ("Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to
2 state a claim under the Civil Rights Act"....).

3 Additionally, the Court noted that to the extent Bravo named judges as defendants, his
4 claims against them appeared to be barred by the doctrine of judicial immunity. "[J]udicial
5 immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v.*
6 *Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). A
7 judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or
8 performs an act that is not 'judicial' in nature." *Id*. (internal citation omitted). The Court
9 informed Bravo that to the extent the Court could decipher his FAC, his allegations appeared to
10 concern actions taken in connection with judicial proceedings and thus appeared to be judicial
11 in nature.

12 The Court ordered Bravo to show cause in writing by no later than March 3, 2014, why
13 this case should not be dismissed for the reasons discussed above. On March 11, 2014, Bravo
14 filed an "Opposition to Dismissal of Complaint" as well as a request for an extension to March
15 11 to file his opposition. Bravo's opposition fails to address any of the Court's concerns raised
16 in the OSC. He fails to clarify his factual allegations or to state which defendant he alleges
17 engaged in what conduct. Moreover, to the extent Bravo does describe facts in his opposition,
18 he does not present facts that would be sufficient to state a valid claim, *i.e.* a claim that would
19 not be time barred, barred by the doctrine of *res judicata*, or barred by absolute judicial or
20 prosecutorial immunity. Accordingly, the Court HEREBY DISMISSES Bravo's complaint
21 without leave to amend.

22 **IT IS SO ORDERED.**

24 Dated: July 21, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VICTOR J BRAVO,

    Plaintiff,

v.

COUNTY OF SAN DIEGO et al,

    Defendant.

Case Number: CV12-06460 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Victor J. Bravo
P.O. Box 12617
San Francisco, CA 94112

Dated: July 21, 2014

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk